1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| ANTHONY BURTON,<br><br>                    Petitioner,<br><br>     v.<br><br>TERRI GONZALEZ, Warden,<br><br>                    Respondent. | ) Case No. CV 10-09165-ABC (SH)<br>)<br>) MEMORANDUM AND ORDER<br>) DISMISSING PETITION FOR<br>) WRIT OF HABEAS CORPUS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

22
23
24
25
26

On November 29, 2010,  petitioner (through counsel), in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), accompanied by supporting Exhibits, herein.  In his Petition, petitioner (who suffered a conviction in Los Angeles County Superior Court in 1982) challenges the Board of Prison Hearings' decision in 2010 to deny petitioner parole.  (Petition at 5-43).

27
28

As a matter of comity, a federal court will not entertain a habeas corpus

1

petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982).  The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, petitioner admits that the claims raised in the Petition have not been presented to the California Supreme Court.  Indeed, petitioner has alleged that he "is currently in the process of exhausting his state remedies through a state habeas petition filed November 19, 2010 in the Superior Court of California for the County of Los Angeles."  (Petition at 1).  Although petitioner is attempting to file the Petition as a "protective petition" (see Petition at 2), a "protective petition" is not warranted when there presently does not appear to be a statute of limitations issue, see Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), or a "mixed petition" issue, see Rhines v. Weber, 544 U.S. 269, 278, 125

2

S.Ct. 1528, 161 L.Ed.2d 440 (2005). Thus, petitioner has never presented to the California Supreme Court the claims being alleged in the Petition herein. It appears conclusively from the face of the Petition that the claims alleged in the Petition are unexhausted.

Accordingly, the claims alleged in the Petition are unexhausted and the Petition is properly dismissed without prejudice.

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice to refiling after exhaustion of state remedies.[1]

DATED: December 1, 2010

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:
Date November 30, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[1]    This dismissal does not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.

3